


FILED
2010 Sep-08 PM 02:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| ANNIE HOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:08-CV-2232-LSC |
| | ) | |
| MORRISON MANAGEMENT SPECIALISTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation (Doc. 37) on July 23, 2010, recommending that defendant Morrison Management Specialists, Inc.'s motion for summary judgment (Doc. 25) be granted in all respects. The parties were allowed fourteen (14) days in which to file written objections. Plaintiff Annie Howell ("Howell") filed objections on August 13, 2010, after receiving a seven-day extension. (Doc. 40.)

First, Howell objects to the magistrate judge's alleged finding that the use of evidence in a previous lawsuit ("*Howell I*") barred her from litigating a claim for the denial of a promotion in this lawsuit. (Doc. 40 at 2.) The

magistrate judge made no such finding.  The magistrate judge concluded as follows:

> [A]ny claims arising from disciplinary actions (including the performance improvement plan) taken against Plaintiff from the date she filed her only EEOC charge until February 2007, the "girl" incident, the fact that Plaintiff was the only manager with a fixed schedule, the fact that she was the only manager without a computer, and the communication between Plaintiff and Mr. Cooperman regarding her failed application for the Assistant Director position in January 2007 cannot form the basis of Plaintiff's claims in the present case as those issues and the claims premised on those facts were adjudicated in *Howell I*.

(Doc. 37 at 15.)  The magistrate judge does not include the disputed promotion in his exclusions.

However, the magistrate judge did err with regard to some of the listed exclusions.  Written discipline for allowing the unit to run out of Jevity product on February 19, 2007, and for personally paying a supervisor on February 26, 2007, clearly constitutes the basis for claims of retaliation in this lawsuit.  While the *Howell I* court allowed evidence of these disciplinary write-ups to show retaliatory intent for previous claims, the court clarified that those incidents of discipline did not constitute

actionable conduct in that particular lawsuit. Similarly, while an earlier performance improvement plan instituted by Director Andy Carmichael, the alleged denial of a computer, and the allegation that Howell was the only manager on a fixed schedule do not constitute (and are not named in the Complaint as) actionable conduct in this case, the plaintiff is permitted to argue that these occurrences evidence discriminatory or retaliatory intent. For the reasons outlined below, however, the magistrate judge's error does not change the disposition of this action.

Plaintiff argues that the magistrate judge erred when he found that Howell cannot establish a prima facie case under 42 U.S.C. § 1981 ("§ 1981") for Defendant's failure to promote her to the Director or Assistant Director positions in January 2007. Plaintiff argues that the magistrate judge overlooked genuine issues of material fact, and contends that Tanya Williamson testified she was told by a supervisor to hire a white male and "ignore the application process." (Doc. 40 at 6.) The Court has reviewed the deposition testimony of Williamson, and no such statements were made. (Williamson 7/21/09, at 28-29; Williamson 9/4/08 at 77-78.)

The undisputed evidence shows that both the Director and Assistant

Director positions were posted on Defendant's intranet website. Employees may create profiles on the intranet site and register to receive notifications when jobs they are interested in become available. Defendant's policy is to post positions for five (5) days on the intranet site before posting the jobs on its external employment website. Howell did not apply for the Director position. The Assistant Director position was posted on the intranet site on January 5, 2007. Jeff Jones ("Jones") applied on January 8, 2007. Jones was selected for the position and an offer letter was generated on January 11, 2007. Plaintiff applied for the Assistant Director job through the external website on January 12, 2007. (Pl. Dep. at 123-24, 130-31; Cooperman Dep. at 18-19.) She has never looked for positions on the intranet. (Pl. Dep. at 123.) On January 12, 2007, the Assistant Director position was considered filled. A job posting is usually closed in the system within the same week that the position is filled, but it may not be the same day. (Cooperman Dep. at 56-57.)

Plaintiff cannot establish a prima facie case under § 1981 with respect to either promotion because she has not shown that she applied for an open position. *See, e.g., Shoenfeld v. Babbitt*, 168 F.3d 1257, 1267 (11th Cir.

1999). The magistrate judge correctly concluded that Plaintiff had not established the existence of a clear policy of exclusion or the application of any exception to the requirement that she apply for an open position. Moreover, even if Plaintiff's application for the Assistant Director position was enough to demonstrate a prima facie case, she has not introduced sufficient evidence to show that Defendant's legitimate, non-discriminatory reason (Jones applied and was selected for the position before Plaintiff submitted her application) is pretext for race discrimination.[1]

Plaintiff does not object to the magistrate judge's rejection of her retaliation claims based on the two promotions. The magistrate judge questioned the validity of such claims and wrote that a "retaliatory failure to promote" claim has not been recognized by the U.S. Supreme Court or

---

[1] Defendant has also introduced undisputed evidence that Plaintiff answered two "knockout" questions incorrectly when she submitted her application. These "knockout" questions would have taken her application out of consideration if it had been timely. Howell: (1) did not notify her supervisor that she was applying for the promotion, and (2) indicated that she had received discipline in the last six months. The latter selection was Howell's mistake. Plaintiff argues that previous disciplinary write-ups, which were found to be retaliatory by a jury in *Howell I* were used to deny Plaintiff the promotion to Assistant Director. However, Howell admits that she had not been disciplined in the six months prior to applying for Assistant Director, and her answer was based on a misunderstanding of the question. The evidence indicates that by the time she spoke with the recruiter about her mistake, Jones was already serving in the Assistant Director position.

the Eleventh Circuit Court of Appeals. (Doc. 37 at 30 n.1.) Clearly, however, this is error. In order to establish a prima facie case of retaliation, a plaintiff must show: "(1) that he engaged in statutorily protected expression; (2) that he suffered an adverse . . . action; and (3) that there is some causal relationship between the two events." *Holifield v. Reno*, 115 F.3d 1555, 1566 (11th Cir. 1997). In *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006), the U.S. Supreme Court expanded adverse actions to include employer actions beyond the already-accepted "ultimate employment decisio[ns], . . . such as hiring, granting leave, discharging, *promoting*, and compensating." *Id*. at 60 (internal quotations omitted) (emphasis added). Federal anti-retaliation provisions now encompass any employer actions that would be "materially adverse to a reasonable employee or job applicant." *Id*. at 57.

Plaintiff's claims that she was not promoted to the Director and Assistant Director positions in January 2007 due to retaliation are within the scope of the Complaint. However, as discussed above, Plaintiff cannot establish she suffered an adverse action because she has not shown she applied for an open position with respect to either promotion. And, even

if Howell's application for the Assistant Director position was enough to demonstrate a prima facie case of retaliation, she has not introduced sufficient evidence to show that Defendant's legitimate, non-discriminatory reason (Jones applied and was selected for the position before Plaintiff submitted her application) is pretextual. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001).

The magistrate judge did not address Plaintiff's claims that she was unjustly disciplined in the following ways as retaliation for complaining of race discrimination and filing her lawsuit in *Howell I*: (1) written discipline for allowing her unit to run out of Jevity product on February 19, 2007; (2) written discipline for paying a supervisor out of her own pocket on February 26, 2007; and (3) Jones' and Williamson's alleged placement of Howell on a performance improvement plan. Yet, Plaintiff does not object to the omission, and the Court finds that the omission does not change the outcome of this case.

Plaintiff admits that while Jones and Williamson drafted a performance improvement plan, it was never implemented. (Doc. 34 at 9, ¶ 43.) There is also no evidence, nor does Howell argue, that she was ever

aware that a plan was being prepared. Under these facts, then, Plaintiff has not established a "materially adverse" employer action.

With regard to the two written disciplines in February 2007, Howell admitted she was responsible for the violations cited. Plaintiff testified it was her job to order Jevity and the unit ran out. (Howell Dep. at 141-43.) Plaintiff also admitted that she authorized an employee to work four hours overtime and paid her from her own pocket; Howell testified she "accepted full responsibility for [those] actions." (Howell Aff. ¶ 10.) Plaintiff has not proffered sufficient evidence that Defendant's legitimate, non-discriminatory reasons for these two write-ups (Howell's admitted conduct) are pretext for retaliatory intent. There is certainly no evidence that other employees were disciplined less harshly for similar conduct. "An employer who learns of . . . a work rule violation should not have to refrain from taking investigative and disciplinary action merely because the employee also recently engaged in protected conduct." *Taylor v. CSX Transp.*, 418 F. Supp. 2d 1284, 1312 (M.D. Ala. 2006) (Dement, J.) Accordingly, Defendant is entitled to summary judgment on these claims.

Having carefully reviewed and considered *de novo* all the materials in

the court file, including the report and recommendation, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED, with the exceptions and additions outlined above, and his recommendation is ACCEPTED.  The Court EXPRESSLY FINDS that there are no genuine issues of fact regarding Plaintiff's claims, and Defendant is entitled to judgment as a matter of law.  A separate order will be entered.

Done this 8th day of September 2010.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297